OPINION
{¶ 1} Appellant, See-Treon Andree Dothard ("Dothard"), appeals the judgment entered by the Ashtabula County Court of Common Pleas. The trial court sentenced Dothard to a total prison term of seven years for his convictions for kidnapping and aggravated robbery.
 {¶ 2} In 2001, Dothard and Tony Olds ("Olds") drove from Youngstown, Ohio to Saybrook Township in Ashtabula County. They entered the Nordix Gun Shop. Olds pulled a gun on the owner and told Dothard to tape his hands. Dothard attempted to tape the owner's hands, but the owner escaped into a back room.
 {¶ 3} As a result of these events, Dothard was convicted of aggravated robbery, a first-degree felony, and kidnapping, a second-degree felony. Dothard was originally sentenced to concurrent seven-year prison terms for these convictions. Dothard appealed his convictions and original sentence to this court. This court affirmed Dothard's convictions, but reversed the matter for resentencing due to the trial court's failure to inform Dothard that post-release control was part of his sentence.[1]
 {¶ 4} The trial court conducted a resentencing hearing. The trial court adequately informed Dothard about post-release control. The trial court imposed seven-year sentences for the kidnapping and aggravated robbery convictions, to be served concurrently.
 {¶ 5} Dothard raises two assignments of error on appeal:
 {¶ 6} "[1.] The trial court abused its discretion by not sentencing appellant to community control sanctions, pursuant to R.C. 2929.13(D).
 {¶ 7} "[2.] The trial court abused its discretion by sentencing appellant to more than the minimum term of incarceration, in violation of R.C. 2929.14(B)."
 {¶ 8} In addition to his assigned errors, Dothard filed a motion to supplement his appellate brief with new case authority, which was granted by this court. The additional authorities areBlakely v. Washington and United States v. Booker, along with various Ohio appellate cases interpreting them.[2] We will address the Blakely issue first.
 {¶ 9} The Supreme Court of Ohio has recently addressed the implication of Blakely v. Washington on Ohio's sentencing structure.[3] In State v. Foster, the Supreme Court of Ohio held that "[b]ecause R.C. 2929.14(B) and (C) and2929.19(B)(2) require judicial factfinding before imposition of a sentence greater than the maximum term authorized by a jury verdict or admission of the defendant, they are unconstitutional."[4]
 {¶ 10} To remedy the sentencing statutes, the Supreme Court of Ohio severed the unconstitutional portions requiring judicial factfinding.[5]
 {¶ 11} The trial court's sentences contain findings regarding "more than the minimum," which were arrived at via judicial factfinding. Thus, pursuant to State v. Foster, the sentences are unconstitutional.[6] As a remedy for the unconstitutional sentences, the Supreme Court of Ohio has held the sentences should be vacated and that cases "pending on direct review must be remanded to trial courts for new sentencing hearings[.]"[7]
 {¶ 12} Dothard's second assignment has merit to the extent indicated. Since this matter is being reversed and remanded for resentencing, Dothard's first assignment of error is moot.
 {¶ 13} The judgment of the trial court is vacated and reversed, and the matter is remanded for resentencing, pursuant to State v. Foster.[8]
Ford, P.J., Rice, J., concur.
[1] State v. Dothard, 11th Dist. No. 2001-A-0066, 2003-Ohio-600.
[2] See Blakely v. Washington (2004), 542 U.S. 296 andUnited States v. Booker (2005), 543 U.S. 220.
[3] State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856.
[4] Id., at paragraph one of the syllabus, following Apprendiv. New Jersey (2000), 530 U.S. 466 and Blakely v. Washington,
supra.
[5] State v. Foster, paragraph two of the syllabus, followingUnited States v. Booker, 543 U.S. 220.
[6] State v. Foster, paragraph one of the syllabus.
[7] Id. at ¶ 103-104.
[8] Id.